NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 28, 2021
Decided December 21, 2021

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-3334

| | |
|---|---|
| WENDY CERVANTES,<br>        *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cv-08347 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br>        *Defendant-Appellee*. | Sharon Johnson Coleman,<br>*Judge*. |

**ORDER**

Wendy Cervantes applied for Social Security disability benefits and supplemental security income based on an alleged disability that arose in January 2014. An administrative law judge denied benefits, finding that Cervantes was able to perform light work, subject to a few restrictions. Because substantial evidence supports the ALJ's determination that Cervantes is not disabled, we affirm.

**I**

Cervantes filed her application for disability insurance benefits and supplemental security income on March 10, 2014. At that time, she was 36 and had most recently worked as a medical assistant. Cervantes left the job after suffering from an anxiety attack when the doctor for whom she worked allegedly lost his temper in the workplace.

Beyond chronic anxiety, Cervantes suffers from major depression, panic and bipolar disorders, and PTSD. Many of these mental health impairments stem, at least in part, from personal traumas Cervantes has experienced, including domestic abuse. The record also shows that Cervantes experiences migraines, concentration problems, and memory loss. Her treatment has included medication and therapy, with her doctors seeing positive responses capable of being maintained with continuing care.

Cervantes also suffers from obesity, degenerative disc disease in her cervical spine, a potential seizure disorder, fibromyalgia, problems with her left foot, sleep apnea, and a left rotator cuff tear that arose after the alleged January 2014 onset date. Many of these impairments are not ongoing or consistent, however, and others have resolved themselves through treatment. More specifically, Cervantes does not report, and the medical record does not show, ongoing or consistent seizures. Nor does the record show regular findings of fibromyalgia by Cervantes's treating physicians. Similarly, surgical procedures seem to have resolved (or mitigated) Cervantes's foot and neck problems.

Cervantes's examining and treating physicians, including Dr. Richard Margolin, generally recorded normal findings throughout the relevant period. To be sure, during the administrative proceedings before the Commission, Dr. Margolin submitted a residual functional capacity or RFC Questionnaire offering the view that Cervantes was disabled and reporting that she was "[c]onstantly" experiencing pain severe enough to interfere with attention and concentration needed to perform even simple work tasks, "[i]ncapable of even 'low stress' jobs," and would likely be absent from work more than four days per month because of her impairments.

Despite her physical and mental impairments, and from 2010 to January 2014, Cervantes remained able to keep working as a medical assistant and to perform other jobs that required her to carry out active work tasks involving the use of her arms and hands and the movement of her neck.

The ALJ conducted a hearing in October 2016. Cervantes appeared and testified about her symptoms, medical treatment, daily activities, and abilities. Dr. Allen Heinemann, an impartial medical expert, also testified. Based on his review of the medical record, Dr. Heinemann opined that Cervantes could perform simple, routine, and repetitive tasks in two-hour increments in a low-stress job requiring only superficial, infrequent interaction with co-workers and the public. Vocational expert Lee Knutson testified and offered the view that a person with Cervantes's RFC could work as a housekeeper, mailroom clerk, or dishwasher.

A

The ALJ canvassed the record and conducted the standard five-step evaluation process prescribed by the Social Security Administration for determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ found that Cervantes had not engaged in substantial gainful activity after the alleged January 10, 2014 onset date. At steps two and three, the ALJ concluded that, while Cervantes suffered from severe mental and physical impairments, these impairments, taken alone or together, did not meet or medically equal any listed disability in the applicable regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

At step four, the ALJ determined that Cervantes had the RFC to do light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with additional specified restrictions, including that she is limited to understanding, remembering, and carrying out no more than simple, routine and repetitive tasks. In reaching these conclusions, the ALJ assigned "little weight" to Dr. Margolin's proposed limitations conveyed in the RFC Questionnaire, finding that they were out of proportion to the objective medical evidence and supported by only cursory explanations.

At step five, the ALJ found that although Cervantes could not perform any of her previous jobs, she was able to work in the positions identified by the vocational expert. The ALJ therefore concluded that Cervantes was not disabled.

The district court affirmed and Cervantes then appealed.

**II**

Because the Appeals Council declined review, we take the ALJ's decision as the Commissioner's final determination. See *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Our review of the ALJ's decision is deferential. We will reverse only upon a

showing that the ALJ committed a legal error or rested its determination on less than substantial evidence. See *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence requirement does not present a high hurdle—the ALJ's decision need only identify "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A

Cervantes's first challenge is to the ALJ's RFC determination. The RFC reflects "the most [a person] can still do despite [the] limitations" caused by medically determinable impairments and is assessed "based on all the relevant evidence in [the] case record." 20 C.F.R. §§ 404.1545, 416.945(a). Cervantes sees the ALJ's RFC determination as failing to account for the combined effect of her multiple, severe impairments. We view the evidence differently.

The ALJ canvassed the medical evidence and fully accounted for Cervantes's physical and mental impairments. By way of example, the ALJ gave Cervantes "the benefit of the doubt" by accounting for her fibromyalgia-like symptoms in the RFC limitations despite "[s]uch findings hav[ing] not been recorded on anything approaching a regular basis, despite the volume of medical records." The ALJ similarly explained that the examinations after Cervantes's March 2014 left foot surgery "fail to show a significantly abnormal gait or foot-related problems"—a conclusion we see as consistent with the medical record.

Likewise, the ALJ considered the clinical and physical abnormalities found in Cervantes's neck, back, shoulder, and arm, but concluded that later physical examinations failed to show a need for greater RFC limitations. The same is true for Cervantes's seizures. The ALJ found "no evidence" in the medical record showing that seizures presented any "consistent ongoing" challenge, but nevertheless accounted for them in the RFC by including restrictions against activities that would be dangerous if Cervantes experienced a seizure at work.

Cervantes insists that various isolated statements in the medical record show the need for greater RFC limitations. Not so in our view. The ALJ's RFC limitations are consistent with the totality of the medical record. Cervantes fails not only to explain how she is more limited than the ALJ found, but also to identify what specific additional restrictions the evidence establishes. This shortcoming proves fatal to her challenge on appeal. See *Gedatus v. Saul*, 994 F.3d 893, 905 (7th Cir. 2021) (concluding that there was no error in failing to assess the functional impact of tremors when the

claimant "has not pointed to any medical opinion or evidence to show any tremors caused any specific limitations").

Substantial evidence also supports the ALJ's determination that limitations for Cervantes's interactions with superiors were not warranted here. Particularly, the testimony of the impartial medical expert Dr. Heinemann and the vocational expert Mr. Knutson are consistent with the lack of such limitations. Right to it, no medical source opined that Cervantes was more limited in her social functioning than found by either Dr. Heinemann or the ALJ. So the ALJ committed no error in the RFC finding. See *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

Nor did the ALJ fall short in assigning "little weight" to the opinion of Dr. Margolin, Cervantes's treating physician, in determining her RFC limitations. Dr. Margolin's opinion was inconsistent both with the objective medical record and his own examinations and treatment of Cervantes. Throughout the relevant period, Dr. Margolin generally charted normal findings while evaluating and treating Cervantes. Put another way, Dr. Margolin's treatment records do not support his opinion (in the RFC Questionnaire) that Cervantes would need to be absent more than four days per month, could rarely move her neck, and could never twist, bend, crouch, squat, or climb stairs. Dr. Margolin failed to explain this variance. Instead, and as recognized by the ALJ, the "cursory" RFC Questionnaire he completed and submitted for the administrative proceedings "provides little explanation or citation to relevant medical findings supporting its conclusions." There was no error in the ALJ discounting Dr. Margolin's opinion.

B

Cervantes waived her remaining arguments about greater restrictions being needed to account for her limitations in concentration, persistence, or pace by not raising them in the district court. See *Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020) (explaining that arguments not presented below are waived on appeal).

Cervantes raises a host of other issues in her brief—including challenging the ALJ's credibility determinations, the ALJ's assessment of her psychiatric impairments, and the ALJ's consideration of her daily activities. We have carefully reviewed the record and cannot find any support for these assertions in either the ALJ's opinion or our review of the hearing transcript.

For these reasons, we AFFIRM.